**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| PACIFIC PREMIER BANK, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 3:20-cv-00273 |
| | § | |
| KULWANT KAUR SANDHU, ET AL., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER AND OPINION

Before me are Plaintiff Pacific Premier Bank's ("Premier") Applications for Writs of Garnishment After Judgment.[1] *See* Dkts. 32 and 33. Premier moves to collect on an agreed judgment issued by this Court on October 5, 2021, against Kulwant Kaur Sandhu, Ramneek Singh Aulakh, and Talent Acquisition Inc. ("Judgment-Debtors"). Premier seeks to collect on that judgment by garnishing bank accounts held by Kulwant Kaur Sandhu and Ramneek Singh Aulakh[2] at Garnishees Wells Fargo Bank, N.A.; Bank of America, N.A.; and Prosperity Bank. *See* Dkts. 32 and 33.

Federal Rule of Civil Procedure 69 provides:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

---

[1] A magistrate judge unquestionably has the right to decide nondispositive postjudgment matters involved in the judgment collection process, including a writ of garnishment. *See FDIC v. LeGrand*, 43 F.3d 163, 167 (5th Cir. 1995) (magistrate judge had authority to decide nondispositive discovery dispute in postjudgment collection proceedings).

[2] Premier's applications indicate that Talent Acquisition Inc. was voluntarily dissolved in 2017. Accordingly, Premier has not sought to garnish any accounts held by Talent Acquisition Inc.

FED. R. CIV. P. 69. "Garnishment actions in Texas are 'purely statutory' and courts have no power to extend the benefits of garnishment beyond the relief available under statute." *Af-Cap, Inc. v. Republic of Congo*, 462 F.3d 417, 423 (5th Cir. 2006) (quoting *Beggs v. Fite*, 130 Tex. 46, 52, 106 S.W.2d 1039, 1042 (Tex. 1937)). "As actions supplemental to or in aid of execution, . . . garnishment actions are governed by state law to the extent it does not conflict with federal law." *FG Hemisphere Assocs., LLC v. Republique du Congo*, 455 F.3d 575, 595 (5th Cir. 2006). A writ of garnishment is available if the "plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE § 63.001(3). A judgment is valid and subsisting "from and after the date it is signed, unless a supersedeas bond shall have been approved and filed." TEX. R. CIV. P. 657. The plaintiff shall support its application for a writ of garnishment "by affidavits of the plaintiff, his agent, his attorney, or other person having knowledge of relevant facts." TEX. R. CIV. P. 658. The plaintiff's application must also "comply with all statutory requirements and shall state the grounds for issuing the writ and the specific facts relied upon by the plaintiff to warrant the required findings by the court." *Id.*

On October 5, 2021, this Court entered the following judgment against Judgment-Debtors, jointly and severally: "actual damages of $3,047,200.48 as of October 4, 2021, plus attorneys' fees of $72,538.48, plus post-judgment interest at 5% annually beginning the day after this judgment is signed." Dkt. 28 at 1. Premier states that, to date, "Judgment Debtors have made no payments to offset any amounts owed in the judgment." Dkt. 32 at 2; Dkt. 33 at 2.

Here, the judgment issued by this Court on October 5, 2021, against Judgment-Debtors is a valid and subsisting judgment. There is no evidence that any supersedeas bond has been approved and filed. Premier has also submitted sworn declarations from Dale Heyden, its Vice President and the Senior Special Assets Portfolio Manager, stating that within Premier's knowledge, Kulwant Kaur

Sandhu and Ramneek Singh Aulakh do "not have property within the state of Texas subject to execution sufficient to satisfy the Judgment." Dkt. 32 at 4; Dkt. 33 at 4.

I therefore find that Premier's applications meet the requirements for a Writ of Garnishment under Rule 69 and relevant Texas law.

Accordingly, it is **ORDERED** that:

(1) Premier's Applications for Writs of Garnishment After Judgment. (Dkts. 32 and 33) are **GRANTED**.

(2) The Clerk of Court shall issue a writ of garnishment to Garnishee Wells Fargo Bank, N.A. as to Judgment-Debtor Kulwant Kaur Sandhu using the forms attached to Premier's application (Dkt. 32-1, excluding page 3). Premier must serve the writ of garnishment on Garnishee Wells Fargo Bank, N.A. and Judgment-Debtors in compliance with relevant Texas law.

(3) The Clerk of Court shall also issue writs of garnishment to Garnishees Bank of America, N.A. and Prosperity Bank as to Judgment-Debtor Ramneek Singh Aulakh using the forms attached to Premier's application (Dkts. 33-1, excluding page 3; and 33-2, excluding page 3). Premier must serve the writs of garnishment on Garnishees Bank of America, N.A. and Prosperity Bank and Judgment-Debtors in compliance with relevant Texas law.

It is further **ORDERED** that the value of property or indebtedness that may be garnished in total from Garnishees is $3,119,738.96 plus interest and costs.

SIGNED this 4th day of March 2022.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE